1

2

3

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

4

5

6

7

8

9

| Justin Weible, | Case No. 2:23-cv-01752-RFB-MDC |
| Plaintiff, | **ORDER** |
| vs. | APPLICATION TO PROCEED IN FORMA PAUPERIS (EFC NO. 4) AND COMPLAINT (ECF NO. 1-1) |
| Las Vegas Metropolitan Police Department, et al., | |
| Defendants. | |

10

11

12

Pro se plaintiff Justin Weible filed an application to proceed in forma pauperis (IFP) and a complaint. ECF Nos. 1 and 1-1. The Court grants his IFP application and dismisses his complaint with leave to refile. *Id.*

13

**DISCUSSION**

14

15

16

Plaintiff's filings present two questions: (1) whether plaintiff may proceed in forma pauperis under 28 U.S.C. § 1915(e) and (2) whether plaintiff's complaint states a plausible claim for relief.

17

**I.      Whether Plaintiff May Proceed In Forma Pauperis**

18

19

20

21

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." Plaintiff states that he makes $1,600 per month, that he has $100 in his bank account, and that he supports five children. *Id.* The Court grants plaintiff's IFP application.

22

**II.     Whether Plaintiff's Complaint States a Plausible Claim**

23

**a.  Legal Standard**

24

25

Since the Court grants plaintiff's IFP application, the Court reviews plaintiff's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim.  28 U.S.C. §

1915(e)(2)(B).  Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Rule 8 ensures that each defendant has "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005). The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)).  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6), "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"Traditionally, the requirements for relief under section 1983 have been articulated as: (1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Courts have required plaintiffs to "plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986); *see also Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from

the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### b. Complaint

This is plaintiff's second attempt bringing many of the claims in this case. See *Weible v. Kevin Provost et al.*, 2:22-cv-00812-GMN-EJY, ECF Nos. 11 and 12. The Court in that case dismissed many of plaintiff's claims without prejudice, but it also dismissed some claims with prejudice. *Id.* The Court notes that plaintiff has filed many other cases as well, and that most of them have been dismissed.

Plaintiff's complaint in the instant case is difficult to follow, as he again alleges multiple incidents that happened at different times against dozens of defendants. ECF No. 1-1. For brevity, the Court will not list all the defendants and claims here but will discuss them in turn below. On March 7, 2021, he alleges that the police came to his house for no reason and trapped him in his home for twenty-four hours. *Id.* He alleges that the police eventually left and did not arrest him at that time. *Id.* Plaintiff alleges that a couple of days later, his wife brought him to the hospital, and that the defendants coerced his wife into informing the police that he was at the hospital. *Id.* Plaintiff alleges that the police used excessive force and unlawfully arrested him at the hospital. *Id.*

Plaintiff alleges that he was detained at the Clark County Detention Center and posted bail about a week later, on March 18, 2021. Plaintiff alleges that after he posted bail, that an unknown officer, which he calls the releasing SERT officer, used unreasonable and excessive force to put him back into a holding cell. *Id.* He alleges that the releasing SERT officer came back to the cell, opened the door, told him to come out, and then assaulted him with a weapon. *Id.* He alleges that after he was finally released, he had to go back to the hospital and was diagnosed with an "orbital contusion to the head" which he alleges was caused by the SERT officer. *Id.* Plaintiff is no longer incarcerated, but he alleges in his civil rights

3

complaint that he was wrongfully incarcerated. *Id.* Plaintiff also asserts attorney malpractice against multiple attorneys. *Id.*

### i.   Plaintiff's section 1983 claims against the State of Nevada have already been dismissed with prejudice.

The plaintiff previously attempted to sue the State of Nevada, which the Court dismissed with prejudice. See *Kevin Provost et al.*, 2:22-cv-00812-GMN-EJY, ECF Nos. 11 at 11 and 12 at 1. The Eleventh Amendment bars citizens from suing a state. U.S. CONST. amend. XI. If plaintiff amends, he must remove the State of Nevada from his amended complaint because it has already been dismissed with prejudice.

### ii.   Plaintiff's section 1983 claims against the United States of America

The Court briefly disposes of these claims. These claims fail because the United States may not be sued unless Congress explicitly authorizes the suit. See *Cohens v. Virginia*, 19 U.S. (6 Wheat.) 264, 411-412, 5 L. Ed. 257 (1821). The federal government cannot be the subject of a § 1983 action because it is not a "person" for purposes of § 1983. See *District of Columbia v. Carter*, 409 U.S. 418, 424-25, 93 S. Ct. 602, 34 L. Ed. 2d 613 (1973). Regarding any section 1983 claims plaintiff alleges any claims against the United States, he fails to state a claim under § 1915A(b)(1). The Court accordingly dismisses these claims. If plaintiff amends, he must not list the United States as a defendant.

### iii.   Plaintiff's claims against the Clark County Detention Center have already been dismissed with prejudice

In the prior lawsuit, the Court dismissed plaintiff's claims against the Clark County Detention Center with prejudice, meaning he may not bring this claim. The Clark County Detention Center is a building and is therefore not an entity subject to suit. *Ellis v. Clark County Detention Center Med.*, Case

4

No. 2:19-cv-00320-JAD, 2019 WL 6828296, at If plaintiff amends, he must not list the Clark County Detention Center as a defendant.

### iv.    Plaintiff's claims against Desert Parkway Behavioral Hospital

Plaintiff names the Desert Parkway Behavioral Hospital as a defendant, but even reviewing his complaint liberally, the Court is at a loss regarding what claims he wants to bring against the hospital. To the extent plaintiff is suing under 42 U.S.C. § 1983 for violation of his federal rights, section 1983 provides a mechanism for the private enforcement of substantive rights conferred by the Constitution and federal statutes. Plaintiff alleges that the hospital somehow cooperated with law enforcement which led to his unlawful arrest. Based on plaintiff's bare allegations, there is no reason that a private hospital would be state actor for purposes of section 1983 under the circumstances. Plaintiff's allegations against the hospital are dismissed.

### v.    Plaintiff's section 1983 claims against Clark County, the City of Las Vegas, and the Las Vegas Metropolitan Police Department

The Court previously dismissed plaintiff's claims against Clark County and the LVMPD without prejudice. See *Kevin Provost et al.*, 2:22-cv-00812-GMN-EJY, ECF No. 11. Plaintiff has added the City of Las Vegas as a defendant in this case. A plaintiff seeking to hold a municipal defendant liable for constitutional violations under section 1983 cannot do so arguing respondeat superior. A plaintiff must instead allege that his constitutional rights were violated pursuant to the defendant's custom, practice, or policy. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690-91 (1978). Clark County, the City of Las Vegas, and the Las Vegas Metropolitan Police Department are all municipal defendants that may be held liable under the Monell framework. In the previous case, the Court told plaintiff that he must allege facts regarding an alleged policy. Like in the previous complaint, plaintiff has not alleged any facts regarding a policy that has been adopted by any of these municipal defendants. Plaintiff fails to plead

5

claims against these municipal defendants. The Court will give plaintiff one more opportunity to plead with more factual specificity before recommending that the claims against these defendants be dismissed with prejudice.

> **vi.  Plaintiff's claims against Damian Sheets, Bailey Hellman, Alexis Minichini, Eric Zentz, and Robert Zentz, Zentz and Zentz LLC, the Nevada Defense Group LLC, and Kelsey Bernstein**

Regarding attorneys Damian Sheets, Bailey Hellman, Alexis Minichini, Eric Zentz, and Robert Zentz, the Court previously dismissed plaintiff's section 1983 claims against these private defense counsel defendants with prejudice but dismissed plaintiff's common law malpractice claims against these defendants without prejudice. The Court in the prior case found that "With respect to privately retained criminal defense counsel, a plaintiff must assert that he/she obtained post-conviction relief before a common law malpractice claim will lie." *Weible v. Kevin Provost et al.*, 2:22-cv-00812-GMN-EJY, at ECF No. 11, citing to *Morgano v. Smith*, 879 P.2d 735, 737-738 (Nev. 1994) (citing cases). Plaintiff renames these attorneys as defendants in this case, and he also adds the law firm Zentz and Zentz LLC, the Nevada Defense Group LLC, and attorney Kelsey Bernstein. Plaintiff, again in this case, makes no assertion of post-conviction relief in the instant complaint. The Court will give him one more opportunity to do so, before recommending that these claims all be dismissed with prejudice and without leave to amend. If plaintiff amends, he must not bring Fourth Amendment, Fifth Amendment, Eight Amendment, and Fourteenth Amendment claims against counsel as these defendants are not "persons" under section 1983.

> **vii.  Plaintiff's wrongful imprisonment allegation**

Plaintiff is no longer incarcerated, but he alleges that his prior incarceration in this case was wrongful. While a section 1983 claim cannot be used to vacate convictions, it can be used to "recover

damages for allegedly unconstitutional conviction." *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). The "plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id*. at 486-487. Plaintiff gives no indication in his complaint that his conviction has been challenged or overturned by any court. If plaintiff amends, if he is not able to show that his conviction has been challenged of overturned by another court, then he must remove his wrongful conviction allegation from the complaint.

> viii. **Plaintiff's individual capacity section 1983 and common law claims against officers Robert Murphy, Tyler Hauger, Todd Tyler, and the unknown arresting officers**

Plaintiff attempts to bring civil rights claims against the officers that attempted to arrest him at his house and the officers that arrested him in the hospital. The Court liberally interprets plaintiff's claims against the officers who attempted to arrest him at his house as a false imprisonment claim pursuant to the Fourth Amendment. Plaintiff alleges that officers Robert Murphy, Todd Taylor, and Tyler Hauger were some of the officers that attempted to arrest him at his house. Plaintiff alleges that Officers Murphy and Hauger arrested him at the hospital using excessive force. Plaintiff sues these three named defendant officers in their official capacity. The Court also reasonably interprets plaintiff's police misconduct and brutality claims against the arresting officers as Fourth Amendment claims. The Fourth Amendment guarantees a citizen's right to be free from "unreasonable searches and seizures." U.S. CONST. amend. IV. "[A]ll claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest … should be analyzed under the Fourth Amendment and its 'reasonableness' standard." *Graham v. Connor*, 490 U.S. 386, 395 (1989) (emphasis in original).

The "reasonableness" of a particular seizure, including an arrest of a person, "depends not only on when it is made, but also on how it is carried out." *Id.* at 395 (internal citations omitted) (emphasis in original). The relevant inquiry is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them." *Id.* at 397. In determining the reasonableness of a seizure effected by force, a court must balance the "nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing government interests at stake." *Miller v. Clark Cnty.*, 340 F.3d 959, 964 (9th Cir. 2003) (internal citation and quotation marks omitted). Courts evaluate the strength of the government's interest in using force—deadly or otherwise—by examining three nonexclusive "*Graham* factors": "(1) whether the suspect poses an immediate threat to the safety of the officers or others, (2) the severity of the crime at issue, and (3) whether he is actively resisting arrest or attempting to evade arrest by flight." *Glenn v. Wash. Cnty.*, 673 F.3d 864, 872 (9th Cir. 2011) (internal citation and quotation marks omitted). These factors are not exclusive. *Bryan v. MacPherson*, 630 F.3d 805, 826 (9th Cir. 2010). Courts "examine the totality of the circumstances and consider whatever specific factors may be appropriate in a particular case." *Id.* (internal citation and quotation marks omitted).

Regarding plaintiff's claims against the named officers, any claims against the named officers in their official capacities are erroneous. The Eleventh Amendment "bars actions against state officers sued in their official capacities for past alleged misconduct involving a complainant's federally protected rights, where the nature of the relief sought is retroactive, i.e., money damages, rather than prospective, e.g., an injunction." *Bair v. Krug*, 853 F.2d 672, 675 (9th Cir. 1988) (internal citations omitted). Plaintiff brings claims against these three officers for money damages. If plaintiff amends his complaint, he must not name officers Robert Murphy, Todd Taylor, and Tyler Hauger in their official capacities.

Plaintiff's complaint fails to properly identify his claims. Plaintiff's false imprisonment allegations, as currently pleaded, fail to state a constitutional violation against the unknown officers that attempted to

arrest him at home. Plaintiff alleges that the police came to his house to arrest him for no reason, but these bare facts do not provide adequate notice pursuant to Rule 8. Plaintiff fails to allege facts describing what prompted his arrest at the hospital (other than that his wife was coerced by law enforcement). Plaintiff does not describe how or when most of the defendants engaged in wrongs supporting the alleged constitutional violations. Plaintiff merely asserts conclusions that each event and encounter with law enforcement violated his rights.

Plaintiff's complaint fails to state a Fourth Amendment claim against Officers Robert Murphy and Tyler Hauger in their individual capacities because he merely states that they used excessive force without stating the facts about what happened. Plaintiff does not allege what wrongdoing, if any, officer Todd Taylor engaged in other than being one of the officers that attempted to arrest him at his house. In the absence of facts, the complaint fails to put defendants sufficiently on notice of the claims against them as required by Rule 8 of the Federal Rules of Civil Procedure. See, e.g., *Benitez v. Schumacher*, Case No. 2:20-cv-00396-FMO-SHK, 2020 WL 6526352, at 12 (C.D. Cal. May 4, 2020). Defendants cannot defend themselves against plaintiff's conclusions. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (a complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively"). The Court dismisses plaintiff's claims (asserted as police brutality and misconduct) against the arresting officers without prejudice.

### ix.   Plaintiff's Excessive Force Claim Against the Releasing SERT Officer

Regarding plaintiff's allegations about the Releasing SERT Officer, the Court notes that plaintiff already attempted to bring this claim in the prior case, but the Court dismissed this claim without prejudice because he did not provide enough details. See *Weible v. Kevin Provost* et al., 2:22-cv-00812-GMN-EJY, ECF Nos. 11 and 12. In the prior case, plaintiff alleged

> bare minimum facts regarding alleged events involving a corrections officers. That is, Plaintiff alleges that while being released from the Clark County Detention Center, an unknown corrections officer "assaulted" him causing an injury…. This single allegation does not suffice to state a claim[.]

*Id.*, ECF No. 11 at 9. Since plaintiff has now clarified in the instant case that he was a pre-trial detainee in a temporary holding cell, the Court interprets plaintiff's constitutionally based assault and battery claim as arising under the Fourteenth Amendment. In *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), the Supreme Court held that a pretrial detainee states a claim for excessive force under the Fourteenth Amendment if: (1) the defendant's use of force was used purposely or knowingly, and (2) the force purposely or knowingly used against the pretrial detainee was objectively unreasonable. *Id.* at 396-97.

Plaintiff's allegation that the SERT officer used unreasonable and excessive force to put him back into a holding cell does not meet the requirements of Rule 8 because he does not allege facts to show how the officer used excessive force. Plaintiff's next allegation is also vague because he appears to allege that the officer released him out of custody (let him out of the cell) and then proceeded to assault him with a weapon for no reason. It is not clear if plaintiff was out of custody (i.e. was free to leave) when the alleged assault occurred, so there is no notice regarding what type of constitutional analysis to apply at this stage: if he still a pre-trial detainee, that would require a Fourteenth Amendment analysis but if he not detained and free to leave, that would require a Fourth Amendment analysis.[1] Plaintiffs allegation here is vague

---

[1] A claim that a law enforcement officer used excessive force during an arrest, investigatory stop, or other "seizure" of a citizen who is *not in custody* is analyzed under the Fourth Amendment and its "reasonableness" standard. *Graham v. Connor*, 490 U.S. 386, 395, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989); *Espinosa v. City and Cty. of San Francisco*, 598 F.3d 528, 537 (9th Cir. 2010). The first question to be addressed in analyzing an excessive force claim of someone who is not in custody is whether a seizure occurred, not whether the presumed seizure was reasonable.

and does not meet the threshold for Rule 8. This claim does not appear to be futile and the Court dismisses plaintiff's excessive force claim against the Releasing SERT Officer without prejudice.

### c. Conclusion

Plaintiff fails to articulate a claim or claims against any defendant. It is possible that these deficiencies may be cured through amendment. Plaintiff's complaint is dismissed without prejudice. Plaintiff must file an amended complaint explaining how this Court has jurisdiction over the defendants, the circumstances of the case, the relief plaintiff seeks, and the law upon which he relies in bringing the case. The amended complaint must be "complete in and of itself without reference to the superseded pleading and must include copies of all exhibits referred to in the proposed amended pleading. LR 15-1(a).

ACCORDINGLY,

IT IS ORDERED that plaintiff Justin Weible's *application to proceed in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that plaintiff's *complaint* (ECF No. 1-1) is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that plaintiff has until March 4, 2024, to file an amended complaint addressing the issues discussed above. Failure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice.

IT IS FURTHER ORDERED that if plaintiff files an amended complaint, the Clerk of the Court is directed NOT to issue summons on the amended complaint. The Court will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable. See 28 U.S.C. § 1915(e)(2).

THE COURT CAUTIONS plaintiff that continuing to file duplicative and/or frivolous lawsuits may result in adverse consequences, including possible sanctions or a finding that he is a vexatious litigant.

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**

IT IS SO ORDERED.

DATED this 1st day of February 2024.

_____
Maximiliano D. Couvillier III
United States Magistrate Judge

12